## Case No. 4,640.

### The FANNY v. SIMPSON.

## Case No. 4,641.

### The FANNY FOSDICK.

[4 Blatchf. 374;[1] 18 How. Pr. 328; 16 Leg. Int. 348.]

Circuit Court, S. D. New York. Oct. 8, 1859.

Townsend Scudder, for libellants.
Benjamin F. Mudgett, for claimant.

NELSON, Circuit Justice. The wheat, 990 sacks, containing 2,306 bushels, was put on board the vessel in the month of December, 1857, and arrived at New York on the 10th of January following. The vessel was a general ship, engaged in carrying general cargo, and had laden on board, with the wheat, flour, sugar, molasses, hides, oil, &c. It is claimed that the wheat, when it was discharged at New York, emitted an offensive smell, as if impregnated with the odor of kerosene, or Breckenridge coal oil, of which some one hundred and fifty barrels had been stowed in the hold of the ship. Two hundred bags of the wheat were stowed in the hold, on barrels of flour, which rested on a ground tier of hogsheads of molasses. The wheat was not, however, within twenty feet of the oil. The rest of the wheat was stowed between decks. The cargo was well stowed and properly cared for during the voyage, unless the stowage of the oil in the presence of the wheat affords evidence of bad and unskilful stowage, and want of due care and caution in the transportation. The wheat was, when discharged, in fine condition in all respects, except the offensive odor. This smell, the witnesses state, reduced its value some twenty-five cents per bushel.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

The case, upon the facts, is peculiar. There is considerable conflict of evidence, upon the questions—(1) whether or not there was any stench or offensive odor emitted from the wheat, when delivered; (2) whether, if there was, exposing it to the air a short time, with proper ventilation, would not have removed the smell; and (3) whether coal oil would produce the effect sought to be established in this case, it being claimed, as the result of actual shipments with assorted cargoes, that it would not. The solution, doubtless, of this contrariety of evidence, may, in part, be found in the fact, that the article of coal oil is comparatively new, as a commodity in the trade, and its effects upon other cargo, stowed in the same hold of the vessel, are not yet understood. For this reason, I am not prepared to say, that there can have been such a clear and well-known usage and custom, in respect to its stowage with other cargo, as would exempt the carrier, within the principle of the case of Baxter v. Leland [Case No. 1,125].

But, there is another ground upon which, on the facts of the case, I think that the libel was properly dismissed by the court below. The wheat was delivered from the ship, in the sacks, into lighters, and was discharged from the sacks into the lighters in bulk, mingling the portion stowed in the hold, which was in the vicinity of the oil, with the portion stowed between decks. The consignees are responsible for thus blending the two parcels, and I am not at all satisfied, upon the evidence, that the portion stowed between decks was affected by the disagreeable odor of the oil, even if it had been otherwise with the portion stowed in the hold. As it respects the two hundred bags in the hold, I am not, in the conflict of the testimony, disposed to interfere with the decree. Indeed, I am inclined to think, that, if some care had been bestowed in airing and ventilating the wheat, the offensive odor would have disappeared, and the damages would have been slight, if any. A sample was brought into the court below, which the judge states, in his opinion, "clearly failed to show that it retained any discernible effects of the taint."

The decree of the court dismissing the libel, is affirmed.